1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SECRETARY OF VETERANS AFFAIRS,          No. 2:22-cv-01262-TLN-KJN

12                   Plaintiff,

13          v.                                **SUA SPONTE REMAND ORDER**

14   TANYA STUTSON; KEVIN
     WOODRUFF AKA WANAG TAHATAN
15   BEY; and DOES 1–10, inclusive,

16                   Defendants.

17

18          This matter is before the Court on Defendants Tanya Stutson and Kevin Woodruff aka

19   Wanag Tahatan Bey's (collectively, "Defendants") Notice of Removal.  (ECF No. 1.)  For the

20   reasons set forth below, the Court hereby REMANDS the action to the Superior Court of

21   California, County of Contra Costa, due to lack of federal subject matter jurisdiction.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

                                              1

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2022, Plaintiff Secretary of Veterans Affairs ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of real property known as 2013 Mt. Hamilton Dr., Antioch, CA 94531.  (ECF No. 1 at 20.)  On July 18, 2022, Defendants filed a notice of removal removing this unlawful detainer action from the Contra Costa County Superior Court.  (*Id.* at 1–3.)

## II.       STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.  Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

1   costs, and is between — (1) citizens of different States." *Id.*  The burden of proving the amount

2   in controversy depends on the allegations in the plaintiff's complaint.  *Lowdermilk v. U.S. Bank*

3   *Nat'l Ass'n*, 479 F.3d 994, 998–1000 (9th Cir. 2007).  When the complaint alleges damages less

4   than the jurisdictional requirement, the party seeking removal must prove the amount in

5   controversy with legal certainty.  *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240

6   (W.D. Wash. 2009).

7           **III.   ANALYSIS**

8           As to federal question jurisdiction, Defendants' notice of removal claims the right to

9   possession arises under federal law and that "allegedly aboriginal title of an Indian tribe

10   guaranteed by treaty and protected by statute has never been extinguished."  (ECF No. 1 at 2.)

11   Defendants assert there are federal questions concerning "treaty Law and Constitutionally secured

12   Rights," land patents, tribal land, and the reliability of specified legal authority.  (*Id.*)  However,

13   Plaintiff's Complaint contains only a single claim for unlawful detainer.  (*Id.* at 20–23.)  The

14   instant Complaint therefore relies solely on California state law and does not state any claims

15   under federal law.  *See Cal. Equity Mgmt., Grp., Inc. v. Hammer*, No. 1:12-cv-01204-AWI, 2012

16   WL 3069954, at *2 (E.D. Cal. July 26, 2012).  Based on the well-pleaded complaint rule, "federal

17   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

18   pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.  To the extent Defendants assert the

19   specified federal questions, such arguments relate to Defendants' defenses or alleged

20   counterclaims.  (*See* ECF No. 1 at 39–43.)  For Plaintiff's suit to "arise under" federal law,

21   Plaintiff's "statement of [its] own cause of action" must "show[] that it is based upon [federal

22   law]."  *See Vaden*, 556 U.S. at 60.

23           As to diversity jurisdiction, Defendants' civil cover sheet asserts diversity jurisdiction and

24   that Plaintiff is a citizen of another state.  (ECF No. 1-1.)  But even assuming there is complete

25   diversity of citizenship, the Complaint makes clear the amount in controversy does not exceed

26   $75,000 because Plaintiff's demand "does not exceed $10,000."  (ECF No. 1 at 20.)  Moreover,

27   Defendants fail to prove, with legal certainty, that the amount in controversy is in fact higher than

28   $75,000.  *See* 28 U.S.C. § 1332; *see also Lowdermilk*, 479 F.3d at 998–1000.

In sum, because the Complaint indicates the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law.  Further, Defendants' alternate argument as to diversity jurisdiction also fails because the amount in controversy does not meet the statutory requirement.  There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

## IV.   CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Contra Costa.

IT IS SO ORDERED.

**DATED:  July 22, 2022**

Troy L. Nunley
United States District Judge